UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Harouna Ndiaye,                                          Case No. 4:19-cv-712

                 Petitioner,

v.                                                    MEMORANDUM OPINION
                                                            AND ORDER

Rebecca Adducci,

                 Respondent.

## I.     INTRODUCTION AND BACKGROUND

Petitioner Harouna Ndiaye seeks a writ of habeas corpus under 28 U.S.C. § 2241 as well as injunctive relief. (Doc. No. 1). Ndiaye, who has been under a removal order and an Order of Supervision by the U.S. Immigration and Customs Enforcement agency ("ICE") since 2002, was taken into custody following a routine check-in on August 8, 2018. He initiated this litigation on April 1, 2019, arguing his continued detention was unreasonable, because there was no significant likelihood he would be removed from the United States in the reasonably foreseeable future, and that his detention also violated his substantive and procedural due process rights. (Doc. No. 1 at 7-8). Approximately two months later, on June 10, 2019, Ndiaye was released from custody pursuant to an Order of Supervision. (Doc. No. 4-1 at 1).

Respondent filed a motion to dismiss, arguing this Court lacks jurisdiction to grant Ndiaye's petition because he no longer is being held in a federal detention facility. (Doc. No. 4). Magistrate Judge William H. Baughman, Jr., reviewed Ndiaye's petition pursuant to Local Rule 72.2(b)(2) and recommends I grant Respondent's motion and dismiss the petition. (Doc. No. 7). Ndiaye has filed

timely objections to Judge Baughman's Report and Recommendation. (Doc. No. 8). For the reasons stated below, I overrule Ndiaye's objections and grant Respondent's motion to dismiss.

## II. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Judge Baughman recommends I grant Respondent's motion to dismiss for lack of subject matter jurisdiction because "Ndiaye is no longer in custody and because the terms and conditions under which he is supervised do not constitute custody." (Doc. No. 7 at 2).

Ndiaye objects, arguing (1) he satisfied the "in custody" jurisdictional requirement because he was detained at the time he filed his petition; (2) the Supreme Court and the Sixth Circuit previously have held a petitioner satisfies the "in custody" requirement so long as the petitioner is subject to terms and conditions of release which significant restrain the petitioner's freedom; and (3)

2

his petition is not moot because the government has not clearly stated that it will not once again take him into custody without warning.[1] (Doc. No. 8 at 3-8).

Even if I presume Ndiaye's thorough and well-reasoned arguments are correct, however, I still must deny his petition. Having been released from detention, Ndiaye seeks an injunction prohibiting the government from unlawfully detaining him in the future. (Doc. No. 8 at 8). While Ndiaye is understandably concerned about avoiding having to endure the same experience as he did from August 2018 through at least June 2019, his claim is not ripe because the relief he seeks "depends on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Warshak v. United States*, 532 F.3d 521, 526 (6th Cir. 2008) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

There is no "per se" rule of unlawfulness with respect to the length of immigration-related detentions. The Supreme Court has held detentions for a period of six months are "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In that case, the Supreme Court expressly disclaimed any intent to create a hard and fast deadline for the removal of ICE detainees subject to a removal order: "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Thus, determining whether a petitioner like Ndiaye is being held in violation of federal law is a fact-intensive inquiry, and an order instructing the government not to conduct a potential future

---

[1] Ndiaye contends, and the government does not dispute, that he did not engage in any misconduct which led to the revocation of his community supervision. The record in this case does not explain precisely why Ndiaye was detained in August 2018, though it appears he was detained because ICE anticipated finalizing removing proceedings. (Doc. No. 1 at 6).

3

detention in an illegal manner inevitably would be speculative and merely advisory. Because his claim is not ripe, this Court lacks subject matter jurisdiction over his habeas petition.

## IV. CONCLUSION

For the reasons stated above, I overrule Ndiaye's objections, (Doc. No. 8), to Judge Baughman's Report and Recommendation. (Doc. No. 7). I grant Respondent's motion to dismiss Ndiaye's petition for a writ of habeas corpus, (Doc. No. 4), and dismiss Ndiaye's petition without prejudice. (Doc. No. 1).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge